## Lynch v. Scroth & Ahrens.

1. CONTRACTS—*Relations of the Parties—Construction.*—In construing a contract relating to the furnishing of materials for the erection of a building, the relation of the contracting parties to one another, and

Lynch v. Scroth & Ahrens.

both of them to third parties, with reference to the subject-matter about which they are treating, is a proper subject for consideration in determining what effect should be given to the language employed.

2. Statute of Frauds—*When Not to Plead it Specially.*—When the declaration is upon the common counts, the defendant is not bound to plead the statute of frauds specially, but is at liberty to base his defense upon the statute without pleading it.

**Memorandum.**—Assumpsit. In the County Court of Cook County; the Hon. Frank Scales, Judge, presiding. Declaration on the common counts. Judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed February 13, 1894.

The opinion states the case.

John N. Jemison, attorney for appellant.

Pease & McEwen, attorneys for appellees.

Opinion of the Court, Shepard, J.

The appellees are mill-work manufacturers, and contracted to sell to the Empire Building Company, a corporation, a quantity of mill-work to be used in the construction of a building being erected by said corporation for Mrs. Lynch, the wife of appellant.

The contract price was five hundred and forty-five dollars, and of that amount the building company paid two hundred and thirty-five dollars, leaving a balance of three hundred and ten dollars.

The claim of appellees is that after having delivered and received pay for the materials furnished, to the amount of two hundred and thirty-five dollars, they, being solicitous as to the responsibility of the building company, refused to deliver any more materials, except upon the independent promise of a responsible party to pay for them, and that appellant made such promise, and that they delivered the balance of the materials, to the amount of three hundred and ten dollars, upon such independent undertaking by the appellant.

The appellant denies having promised in any way to pay

for the materials, and it is contended by his counsel that, at the most, whatever, if any, promise was made by him, was in legal effect a promise to pay the debt of another, *i. e.*, the Empire Building Company, and, not being in writing, falls within the statute of frauds and is therefore void.

The verdict of the jury, rendered adversely to the contention of appellant, on the question of fact as to whether or not he did independently promise the appellees to pay them for the materials, would be conclusive upon us, if the jury had been permitted to consider all the evidence offered that was competent and material, on that issue of fact.

The materials that were furnished were the same that appellees had contracted with the Empire Building Company to deliver.

The Empire Building Company was the original contractor, and the appellees were sub-contractors, with reference to the owner of the building that was being constructed, and the appellant was the agent of the owner.

At the very time of the making of the alleged promise by appellant, the appellees were paid by the appellant, as agent for the owner of the building, the sum of two hundred dollars on account of her contract with the building company, upon an order drawn by the latter in favor of the appellees.

The mere words that were spoken at that time were not all that should have been heard by the jury, in order to determine the true effect to be given to them. The relation of the parties to one another, and of both of them to third parties, with reference to the subject-matter about which they were treating, was a proper subject for consideration by the jury in determining what it was the parties referred to by the words they used, and what effect should be given to the language employed. Here were sub-contractors on the one side and the agent of the owner of the building on the other, engaged in a conversation about the further furnishing of materials, which the former had contracted with the original contractor to furnish, for the use of the owner of the building.

Here were two parties brought together only because of

the existence of a contract between one of them and a third party, which the other party had undertaken with that third party to partly perform, and in order that the jury might understand the situation of all the parties, it was proper for them to have before them that contract between the owner of the building and original contractor, and it was error to exclude it when offered by appellant. Again, the appellees were sub-contractors, as against the owner of the building, and claiming, as they do in this suit, not as sub-contractors but as original contractors with the appellant in his individual capacity, and the appellant denying such original contract with himself, it was material for him to show, if he could, by any competent evidence, that the appellees delivered the material, not under their alleged contract with him, but under their contract with the original contractor.

Tending to prove that fact, the notice of sub-contractor's lien on the premises on which the building was constructed, which was served by the appellees on Mrs. Lynch, the owner of the premises, on September 28, 1892, was competent evidence, and when offered in evidence should have been received.

That notice would have had a tendency to show to the jury who the appellees were looking to for payment, and to repel their claim that they furnished the material on the independent contract of appellant, and it was erroneously excluded.

The ultimate question in the cause was upon whose credit the materials were delivered. If, as contended by appellant, they were delivered upon the credit of the Empire Building Company, then the promise, if any, by appellant, was to be answerable for the debt of another, and not being in writing, was void under the statute of frauds. The appellant was precluded by the rulings of the court from showing the circumstances under which whatever undertaking he entered into was made, and was thereby denied the privilege of invoking the aid of the statute of frauds in his own behalf.

The declaration consisted of the common counts only, and

appellant was not bound to plead the statute specially, but was at liberty to base his defense upon the statute without pleading it. That could only be done after he had been permitted to show that some third party was liable for the debt he had become answerable for. Browne on Statute of Frauds, Sec. 197.

The original contract would have a tendency to establish the fact of such third party's liability, and so, also, would the appellee's notice of a sub-contractor's lien.

The cause having to be remanded for another trial, we forbear from any discussion of the merits, as disclosed by the record.

The judgment of the County Court will therefore be reversed, and the cause remanded.